**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

BENJAMIN JOHNS                                                    PLAINTIFF

V.                                    No. 3:26-CV-00033-ERE

SOCIAL SECURITY ADMINISTRATION,
Commissioner                                                     DEFENDANT

## ORDER[1]

Plaintiff Benjamin Johns appeals the Social Security Administration Commissioner's final decision denying his application for disability benefits. For the reasons set out below, the Commissioner's decision is AFFIRMED.

## I.    Background

On September 15, 2023, Mr. Johns filed an application for benefits due to depression, anxiety, swollen feet, hip pain, morbid obesity, knee issues, and hypertension. *Tr. 13, 312.*

Mr. Johns' claim was denied initially and upon reconsideration. At Mr. Johns' request, an Administrative Law Judge ("ALJ") held a hearing on December 19, 2024, where Mr. Johns appeared with his lawyer, and the ALJ heard testimony from Mr. Johns and a vocational expert ("VE"). *Tr. 34-59.* On January 31, 2025, the ALJ issued a decision finding that Mr. Johns was not disabled. *Tr. 13-26.* The

---

[1] The parties consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 5.*

1

Appeals Council denied Mr. Johns' request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-3.*

Mr. Johns, who was forty-three years old at the time of the hearing, has a high school education and no past relevant work experience. *Tr. 24, 41-42.*

## II.    The ALJ's Decision[2]

The ALJ found that Mr. Johns had not engaged in substantial gainful activity since the amended alleged onset date of August 3, 2023. *Tr. 16.* The ALJ also concluded that Mr. Johns had the following severe impairments: obesity, degenerative joint disease, venous insufficiency, hypertension, and chronic heart failure. *Id.* However, the ALJ concluded that Mr. Johns did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 18.*

According to the ALJ, Mr. Johns had the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: (1) occasional stooping, kneeling, crouching, and crawling; (2) no concentrated exposure to temperature extremes, fumes, odors, dusts, gases, or poor ventilation; and (3) no

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

work around hazards such as unprotected heights or dangerous moving mechanical parts. *Tr. 18.*

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy that Mr. Johns could perform, including document preparer, surveillance system monitor, and addresser. *Tr. 25, 56.* Accordingly, the ALJ determined that Mr. Johns was not disabled.

## III.   Discussion

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because

3

substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.    Mr. Johns' Arguments for Reversal

Mr. Johns contends that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to properly assess: (1) the limitations imposed by his morbid obesity; and (2) Dr. Ben Schurhamer's opinion. *Doc. 8 at 19-29.*

### C.    Analysis

#### 1.    Morbid Obesity

Mr. Johns notes that he is morbidly obese, cites the record regarding his weight and activities of daily living, and argues that the ALJ failed to consider the effects of his morbid obesity, specifically fatigue, on his ability to perform sedentary work. *Id. at 19-22.*

The ALJ addressed Mr. Johns' morbid obesity in detail, noting the following: (1) Mr. Johns was diagnosed with morbid obesity and fatigue in May 2018; (2) from October 2023 to September 2024, his weight increased from 408 pounds to 440 pounds; (3) he declined a referral for bariatric surgery despite being told weight loss was medically indicated; (4) repeatedly his gait was antalgic, wide-based, and waddling, and his feet were swollen; (5) Ozempic was recommended, but it was declined by his insurance. *Tr. 21.*

4

The ALJ considered Mr. Johns' obesity "in terms of its possible effects on the [his] ability to work and ability to perform activities of daily living." *Id.* The ALJ noted that Mr. Johns has "been unable to have a cardiac stress test due to his body habitus" and his "weight is also reasonably likely to cause or contribute to symptoms such as fatigue, shortness of breath, or imbalance, and these effects of his obesity have been considered in forming the residual functional capacity." *Id.*

The ALJ noted that Mr. Johns "has strongly been advised to undertake weight loss treatment, but he has declined to do so" and also observed that "treatment records rarely include observations including use of an assistive device." *Tr. 17, 21, 497, 588, 646, 647, 657, 676, 677, 692.* A claimant's non-compliance with treatment is a legitimate consideration in evaluating the validity of his alleged disability. See *Holley v. Massanari,* 253 F.3d 1088, 1092 (8th Cir. 2001); *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (failure to follow a recommended course of treatment weighs against a claimant's subjective complaints of disability). Ultimately, the ALJ found that Mr. Johns' "impairments cause him to have some significant limitations limiting him to sedentary work, but he is not wholly disabled." *Tr. 21.*

The ALJ recognized that while Mr. Johns may suffer "some fatigue and joint pain" related to his morbid obesity, the overall record does not support a finding that he is unable to perform "sedentary work activity." *Tr. 24.* In fact, the ALJ

specifically found that "symptoms such as fatigue, shortness of breath, [and] imbalance" were "considered in forming the" RFC. *Tr. 21*. The ALJ pointed out that there was "no objective finding" that would support the claims of extreme fatigue. *Tr. 23.* "To the extent the ALJ did not adopt all of the limitations Plaintiff stated in [his] testimony, it is reasonable to believe that the ALJ found that Plaintiff was not that limited." *Eldred v. Saul*, No. 19-05075-CV-SW-MDH-SSA, 2020 WL 7138623, at *3 (W.D. Mo. Dec. 7, 2020).

Mr. Johns' arguments boil down to his disagreement with the ALJ's interpretation of the evidence of record. However, the issue before the Court is not whether substantial evidence supports Mr. Johns' claim, but whether substantial evidence supports the ALJ's decision. "So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision or even if [the Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022).

The ALJ properly considered Mr. Johns' obesity and its effects on his ability to work and did not find it to be as limiting as Mr. Johns suggests.

### 2.    Dr. Ben Schurhamer's Opinion

Mr. Johns argues that the ALJ did not properly assess consultative examiner Dr. Ben Schurhamer's opinion that Mr. Johns could perform sedentary work only for a partial workday. *Doc. 8 at 24.*

6

The ALJ considered Dr. Schurhamer's opinion but found it unpersuasive after considering the supportability and consistency of the opinion with the record as a whole. The ALJ specifically addressed Dr. Schurhamer's July 2020 opinion, finding that it was "not supported by the evidence." *Tr. 23*. The ALJ noted that there were "no objective finding to support that limitation, suggesting the opinion is based only on the claimant's subjective report." *Id.* The ALJ concluded that Dr. Schurhamer's "opinion is unpersuasive insofar as it limits the claimant to less than 8 hours a day, combined, of sitting, standing, and walking." *Tr. 23*. The ALJ also noted that the "opinion predates the alleged onset of disability by almost 3 years" making it of "limited probative value." *Id.*

Based on the record, the ALJ sufficiently addressed Dr. Schurhamer's opinion.

## IV.   Conclusion

The ALJ applied proper legal standards in evaluating Mr. Johns' claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE ORDERED that the Commissioner's decision is affirmed, and judgment will be entered accordingly.

Dated 20 July 2026.

_____
UNITED STATES MAGISTRATE JUDGE